UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL M. MCCREARY,

        Petitioner,                       Civil No. 2:23-cv-11774
                                        Hon. George Caram Steeh

    v.

STATE OF MICHIGAN,

        Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DECLINING LEAVE TO APPEAL IN FORMA PAUPERIS

### I.     INTRODUCTION

Carnell M. McCreary ("Petitioner"), presently released on bail pending his criminal trial, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his pending state criminal proceedings in Wayne County, Michigan.

The petitioner is charged with assault with intent to commit murder, assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and commission of a felony with a firearm. *See* Register of Actions, Wayne Co. Cir. Ct. Case No. 23-002910-01-FC,

https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4014427 (last accessed on August 18, 2023). In his petition, the petitioner appears to raise claims concerning the legality of his arrest, jurisdiction of the trial court, and retaliation by the prosecution and the police.  For the reasons set forth herein, Court dismisses without prejudice the habeas petition, denies a certificate of appealability, and denies leave to proceed *in forma pauperis* on appeal.

## II.     DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminarily review of a federal habeas case and to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *McFarland v. Scott*, 512

U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

As an initial matter, the petitioner is "in custody" for purposes of §§ 2241 and 2254 because he is released on bail pending his trial. *See Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973).  He filed his habeas petition pursuant to 28 U.S.C. § 2254.  However, filing the petition under § 2254 was improper because "that section applies only in post-trial situations, affording relief to a petitioner 'in custody pursuant to the judgment of a State court.' " *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (quoting § 2254(a)). Pretrial petitions like the petitioner's "are properly brought under [28 U.S.C.] § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [her]." *Id*. Therefore, the Court construes the petition as a being brought under § 2241 and further concludes that it is subject to dismissal.

A state pretrial detainee may bring a habeas action in federal court pursuant to 28 U.S.C. § 2241 to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial or to raise double jeopardy issues, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Ky*.,

- 3 -

410 U.S. 484, 489-91 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); s*ee also Doe v. University of Ky*., 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "Younger abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

While 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Christian*, 739 F.3d at 298.  A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the petitioner has an adequate opportunity in the state judicial

- 4 -

proceeding to raise constitutional challenges. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, as acknowledged by the petitioner, there is an ongoing state criminal prosecution pending in the Wayne County Circuit Court. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). The state court has arraigned the petitioner, conducted two conferences, and scheduled a motion hearing for September 1, 2023. *See* Register of Actions, *supra*. Second, the state criminal proceedings clearly involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, the state court proceedings provide an adequate opportunity for the petitioner to raise any federal constitutional challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995). If he does so, and the state trial court denies or otherwise fails to consider

his challenges, the petitioner may pursue an appeal and/or seek collateral review in the state courts as provided by Michigan law.

Abstention is appropriate unless one of the three exceptions to the *Younger* abstention doctrine applies. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd*., 420 U.S. 592, 611 (1975), (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting Huffman, 420 U.S. at 611), or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions are interpreted narrowly. *Zalman*, 802 F.2d at 205.  Additionally, even if extraordinary circumstances exist to warrant federal court intervention in an ongoing state criminal prosecution, a petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See Braden*, 410 U.S. at 490; *Phillips v. Hamilton Co. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012).

In this case, the petitioner fails to allege facts which show that any of the exceptions to *Younger* abstention apply and fails to demonstrate that extraordinary circumstances warrant this Court's intervention in his state criminal case.  Although the petitioner alleges that the state has engaged in

"vindictive" and "retaliatory" prosecution, his allegations are wholly

conclusory.  Further, the petitioner neither alleges nor establishes that he

exhausted available state court remedies before seeking federal habeas

relief. This habeas action is therefore premature and must be dismissed.

### III. CONCLUSION

For the reasons stated, the Court concludes that the petitioner's

challenge to his ongoing state criminal proceedings and current

confinement in state custody is premature and that he is not entitled to

federal habeas relief at this time.

Because the Court construes the petition as being filed under § 2241,

a certificate of appealability is not needed to appeal the dismissal of

habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United*

*States*, 355 F.3d 501, 504 (6th Cir. 2004) ("The [federal statutory provision

requiring a certificate of appealability] does not require a certificate of

appealability for appeals from denials of relief in cases properly brought

under § 2241, where detention is pursuant to federal process.").

Accordingly, the petitioner need not request one from this Court or the Sixth

Circuit should he seek to appeal this decision.  The Court further denies the

petitioner leave to appeal *in forma pauperis* because any appeal would not

be taken in good faith.

Accordingly, it is ORDERED that the petition for writ of habeas corpus, ECF No. 1, is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:  September 5, 2023

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 5, 2023, by electronic and/or ordinary mail and also on Carnell M. McCreary, 14739 Holmur, Detroit, MI 48238.

s/Michael Lang
Deputy Clerk